# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS DEMARINIS, individually and as guardian of D.D., | Civil Action No.: 3:20-cv-00713-RDM |
| Plaintiff, | Honorable Robert D. Mariani |
| v. | |
| ANTHEM INSURANCE COMPANIES, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, et al., | |
| Defendant. | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS

Alan C. Milstein, Esquire
Sherman, Silverstein, Kohl,
Rose & Podolsky, P.A.
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 661-2068
*Attorneys for Plaintiff Chris DeMarinis, individually and as guardian of D.D.*

3646841.1

# **TABLE OF CONTENTS**

                                                            **Page**

I.   Preliminary Statement ............................................................................................ 1

II.  Statement of Material Facts ................................................................................... 2

III. Argument ................................................................................................................ 2

      A.  Plaintiff is Entitled to Reasonable Attorney's Fees Under Section 502(g) of ERISA .................................................................................................. 2

            1.  Anthem Displayed Bad Faith or Culpable Conduct .......................... 4

            2.  Anthem Can Satisfy the Award of Attorney's Fees and Costs ......... 5

            3. Deterrence Against Similar Conduct Justifies and Award of Fees ... 5

            4. An Award of Fees Would benefit the Participants of the Plan ......... 6

            5. A Weighing of the Relative Merits of the Parties' Claims Warrants an Award of Fees to Plaintiff ............................................................ 6

      B.  Plaintiff's Attorney's Fees and Costs are Reasonable .............................. 7

IV. Conclusion ............................................................................................................ 12

# **TABLE OF AUTHORITIES**

## **CASES**

*Addis v. Ltd. Long-Term Disability Program*, CIV.A. 05-357, 2006 WL 2387087 (E.D. Pa. Aug. 3, 2006) ................................................................................................... 4, 6, 7

*Brytus v. Spang & Co.*, 203 F.3d 238 (3d Cir. 2000) ................................................. 3

*Clauss v. Plan*, 196 F.Supp.3d 463 (M.D. Pa. 2016) ................................................. 7

*Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300 (3d Cir. 2008) ................. 7

*Hensley v. Eckerhart,* 461 U.S. 424 (1983) ........................................................... 7, 8

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) .......... 7, 8

*McPherson v. Employees' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253 (3d Cir. 1994) ........................................................................................................................ 4, 5

*Nat'l Companies Health Ben. Plan v. St. Joseph's Hosp. of Atlanta, Inc.*, 929 F.2d 1558 (11th Cir. 1991) ................................................................................................ 5, 6

*Templin v. Independence Blue Cross,* 785 F.3d 861 (3d Cir. 2015) ......................... 3

*Ursic v. Bethlehem Mines*, 719 F.2d 670 (3d Cir. 1983) ................................... passim

*U.S. Renal Care Inc. v. WellSpan Health*, 1:14-CV-2257, 2018 WL 3973191 (M.D. Pa. Aug. 20, 2018) ........................................................................................... 11

## **STATUTES**

29 U.S.C. § 1132(a)(1)(B)/ ERISA, § 502(a)(1)(B) ................................................... 1

29 U.S.C. § 1132(g)(1) ........................................................................................ 1, 2, 4

I. **PRELIMINARY STATEMENT**

Pursuant to this Court's April 10, 2024 Order and 29 U.S.C. § 1132(g)(1), Plaintiff Chris DeMarinis, individually and as guardian of D.D. ("Plaintiff"), by and through his undersigned counsel, moves for award of attorney's fees and taxable costs to be paid by Defendant Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem").

On April 30, 2020, Plaintiff initiated this matter pursuant to ERISA, § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) challenging Anthem's denial of Plaintiff's claim for coverage of D.D.'s continued treatment at the Kennedy Krieger Institute ("KKI") Neurobehavioral Unit ("NBU") in Baltimore, Maryland, based on the erroneous conclusion that the care provided from May 8, 2019, and beyond was not medically necessary. Thereafter, the parties each filed motions for summary judgment. On April 10, 2024, this Court granted Plaintiff's Motion for Summary Judgment, in part, and ruled that (1) Plaintiff is awarded benefits for the period of May 8, 2019 through July 7, 2019, with the amount of the payment to be determined upon remand to the Plan Administrator for the calculation and payment of benefits and (2) a determination of the appropriate award of benefits and payment of same for the period of July 8, 2019, through October 24, 2019, shall be made upon remand upon submission of additional records by Plaintiff. (Doc. 62). The Court denied Anthem's Cross-Motion for Summary Judgment, and denied,

without prejudice, Plaintiff's request for attorney's fees and costs. The Order provides that Plaintiff may file a motion for attorneys' fees and costs within twenty-one days. The Court also issued a Memorandum Opinion which thoroughly explains the basis for its decision. (Doc. 61).

Because Plaintiff was successful in this litigation, as set forth more fully below, Plaintiff is entitled to recover reasonable attorney's fees pursuant to Section 502(g) of ERISA.

## II.  STATEMENT OF MATERIAL FACTS

The Court is undoubtedly well aware of the facts alleged in this lawsuit, as set forth in the detailed statement of material facts of the Court's April 10, 2024, Opinion. (Doc. 61). As such, for the sake of brevity, Plaintiff refers the factual statement contained therein.

## III.  ARGUMENT

### A.  **Plaintiff is Entitled to Reasonable Attorney's Fees Under Section 502(g) of ERISA**

Under Section 502(g) (1) of ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Although there is no presumption in favor of an award of attorney's fees in ERISA litigation, the Third Circuit has concluded the defendant "usually bears the burden of attorney's fees for the prevailing plaintiff [ ], thus encouraging private enforcement of the statutory substantive rights, whether they be economic

or noneconomic, through the judicial process." *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000) (internal quotation and alterations omitted).

In evaluating whether to award fees, the moving party must have achieved "some degree of success on the merits." *Templin v. Independence Blue Cross,* 785 F.3d 861, 864-65 (3d Cir. 2015). In this case, Plaintiff has exercised the "private enforcement of the statutory substantive rights" under ERISA and, in light of the Court's April 10, 2024, Order and Opinion, undoubtedly has achieved "some degree of success on the merits."

In order to determine whether a party is entitled to attorney's fees, the court must apply a five-factor balancing test set forth by the Third Circuit in *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983). The five *Ursic* factors include:

> (1) the offending parties' culpability or bad faith;
> (2) the ability of the offending parties to satisfy an award of attorneys' fees against the offending parties;
> (3) the deterrent effect of an award of attorneys' fees against the offending parties;
> (4) the benefit conferred on members of the pension plan as a whole;
> (5) the relative merits of the parties' position.

*Id.*

Here, Plaintiff's Motion for Summary Judgment was granted, in part, and Anthem's Cross-Motion for Summary Judgment was denied. Thus, Plaintiff has not only achieved some degree of success on the merits, but each of the five *Ursic*

factors weighs in favor of an award of attorney's fees and costs under ERISA section 502(g)(1).

### 1. **Anthem Displayed Bad Faith or Culpable Conduct**

An award of attorney's fees under ERISA does not require a showing the losing party acted in the traditional sense of bad faith, that is, with an ulterior motive or sinister purpose. See *McPherson v. Employees' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253, 256-57 (3d Cir. 1994). "Instead, it is sufficient to show that the losing party engaged in conduct beyond negligence, such as the breach of a legal duty or commission of fault, though not necessarily malicious. In short, culpability is less than bad faith and more than mere negligence." *Addis v. Ltd. Long-Term Disability Program*, CIV.A. 05-357, 2006 WL 2387087, at *1 (E.D. Pa. Aug. 3, 2006) (citing *McPherson,* 33 F.3d at 256-57).

The *Ursic* factors look not only to whether a party acted in bad faith, but also to whether that party's conduct met the lesser standard of culpable conduct:

> [C]ulpable conduct is commonly understood to mean conduct that is "blameable; censurable; ... at fault; involving the breach of a legal duty or the commission of a fault.... Such conduct normally involves something more than simple negligence ... [On the other hand, it] implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose."

*Id.* at 257 (alterations in original) (quoting Black's Law Dictionary (6th ed. 1990)).

The degree of Anthem's culpability is high. The Court found in its April 10, 2024 Opinion that Anthem's denial of benefits was arbitrary and capricious. In addition to finding that Anthem's reviewers did not provide a basis for the conclusions that discharge was warranted, the Court explained as follows:

> Given the Court's conclusion that substantial evidence does not support Anthem's medical necessity determination and the previous conclusion that several procedural anomalies suggest that Anthem's denial was an abuse of discretion, the Court concludes that Anthem's decision was arbitrary and capricious. (Doc. 61 at p. 81 of 95).

Based on the foregoing, this factor weighs in favor of an award of attorney's fees to Plaintiff.

### 2. Anthem Can Satisfy the Award of Attorney's Fees and Costs

Anthem is well-situated to satisfy a reasonable award of attorney's fees because it is a national insurance provider that operates throughout the United States. Plaintiff submits that Anthem is financially able to satisfy an award of attorney's fees and cost. This factor weighs in favor of an award of attorney's fees to Plaintiff.

### 3. Deterrence Against Similar Conduct Justifies an Award of Fees

The Third Circuit has stated: "We believe it will further the objectives of ERISA if fee awards are employed to deter behavior that falls short of bad faith conduct." *McPherson*, 33 F.3d at 253. Courts have found that the deterrent value

of awarding attorney's fees in ERISA cases was high. See *Nat'l Companies Health Ben. Plan v. St. Joseph's Hosp. of Atlanta, Inc.*, 929 F.2d 1558, 1575 (11th Cir. 1991).

Here, an award of attorney's fees to Plaintiff will have a valuable deterrent effect. Such an award will deter insurance companies from denying claims without proper review and justification. In the absence of attorney's fee liability, a non-prevailing insurer would have little to lose but the amount of damages it would have paid without litigation.

Because the deterrent value of an award of attorney's fees is high, this factor weighs in favor of an award of attorney's fees from Anthem to Plaintiff.

### 4. An Award of Fees Would Benefit the Participants of the Plan

This action and resulting Order and Opinion may benefit other plan participants because Anthem is on notice that its review policies should assure that future claims are given adequate and fair consideration at all levels of appeal. *Addis*, 2006 WL 2387087, at *3. Anthem, and other insurers, may be encouraged to properly consider and pay meritorious claims, as opposed to engaging in litigation. This factor weighs in favor of an award of attorney's fees from Anthem to Plaintiff.

### 5. A Weighing of the Relative Merits of the Parties' Claims Warrants an Award of Fees to Plaintiff

Plaintiff in this action clearly had a more meritorious legal position than

that of Anthem, as is articulated in the Court's detailed April 10, 2024, Opinion. With regard to the relative merits component, courts have held it "always weighs in favor of the prevailing claimant." *Addis*, 2006 WL 2387087, at *3. Further, "[t]he question is not whether, but how much, this factor weighs in favor of the prevailing party." *Id.* Accordingly, this factor too weighs in favor of an award of fees to Plaintiff.

### B.     Plaintiff's Attorney's Fees and Costs are Reasonable

Where, as here, the *Ursic* factors suggest that awarding attorneys' fees is appropriate, then a court should "review the attorney's fees and costs requested and limit them to a reasonable amount." *Clauss v. Plan*, 196 F.Supp.3d 463, 475 (M.D. Pa. 2016) (citations omitted). The Third Circuit has held that, in ERISA cases, there is no requirement that the amount of attorneys' fees must be proportional to the amount of the underlying award under *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 311 (3d Cir. 2008).

In *Hensley v. Eckerhart,* 461 U.S. 424 (1983), the Supreme Court explained that a court's assessment of attorney fees does not end with the lodestar calculation: there are several other factors to consider, referring to the twelve (12) factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;

(3) the skill requisite to perform the legal service properly;
(4) the preclusion of employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorney;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n. 3 (citing *Johnson*, 488 F.2d at 717–19.).

With regard to the first fact, the time and labor required, the Plaintiff's counsel has expended 127.80 hours in representing Plaintiff throughout the litigation. See Declaration of Alan C. Milstein, attached hereto as Exhibit "A." As the Court is aware, the medical records in this case were voluminous and the parties submitted lengthy memoranda during the motion process. The undersigned thus submits that these hours were reasonably expended in order to achieve the obtained results.

With regard to the second factor, the novelty and difficulty of the questions, while the issues in this case were not necessarily novel, ERISA cases present a significantly difficult burden for plaintiffs seeking to overturn an adverse award by carriers. See Declaration of Alan C. Milstein. Unlike non-ERISA insurance coverage cases, ERISA matters restrict counsel from introducing additional evidence outside the administrative record below, a burden which

clearly favors insurance carriers over plaintiffs. This factor thus also supports an award.

The third factor, the skill required to perform the legal services properly, is present as well. ERISA litigation is highly specialized in nature, and few practitioners practice in this particular area. ERISA litigation requires practitioners to have some specialized medical knowledge as such claims require the review and analysis of large amounts of medical records in order to effectively argue a plaintiff's case. Further, ERISA practitioners are quired to have knowledge of the body of Federal case law applicable to ERISA claims. These factors weigh in favor of Plaintiff.

The fourth factor, preclusion of other employment by the attorney, and seventh factor, time limitations imposed by the client, were not applicable here. This factor is a neutral factor as applied in this matter.

With regard to the fifth factor, the customary fee charged by the attorney, and the sixth factor, whether the fee is fixed or contingent, plaintiffs generally prefer these cases be prosecuted on a contingent basis so as to "not throw good money after bad" and, thus, the undersigned has always ended up handling these on a contingency fee basis. The amount of the contingency is 25%, a discount off the 33 1/3% normally charged by the undersigned in non-ERISA contingency matters. See Exhibit A.

With regard to the eighth factor, the amount involved and the results obtained, on April 10, 2024, this Court issued an Order granting Plaintiff's Motion for Summary Judgment, in part, and ruling that (1) Plaintiff is awarded benefits for the period of May 8, 2019 through July 7, 2019, with the amount of the payment to be determined upon remand to the Plan Administrator for the calculation and payment of benefits and (2) a determination of the appropriate award of benefits and payment of same for the period of July 8, 2019, through October 24, 2019, shall be made upon remand upon submission of additional records by Plaintiff. (Doc. 62).

With regard to the ninth factor, the experience, reputation and ability of the attorney, the undersigned certifies that he has practiced law generally since 1983 and that he has practiced in the area of ERISA cases for approximately twenty of those years. The undersigned was also assisted on this matter by his associate, Leily Schoenhaus, who has been practicing law since 2006 and has shown particular skill in helping the undersigned in ERISA matters. Currently, though ERISA litigation comprises a relatively small percentage of the undersigned's practice area, he has always had two or three such pending matters for a considerable number of years. See Exhibit A.

With regard to the tenth factor, the "undesirability" of the case, as stated above, plaintiffs face extreme difficulty prevailing in ERISA cases, since these

3646841.1                                10

cases typically involve contested, litigated claims in an area of law which favors insurers over plaintiffs. On the other hand, in the undersigned's view, few cases are as rewarding as those seeking to recover denied insurance benefits where the provision of therapy such as that rendered here was medically necessary for a troubled child.

With regard to the eleventh factor, the nature and length of the professional relationship, the undersigned represents that he has represented the particular Plaintiff only with regard to this particular matter. The undersigned has, however, represented patients of KKI, an institution world renown in treating children troubled with behavioral issues, for a number of years.

With regard to the twelfth factor, awards in similar cases, the undersigned directs the Court to *U.S. Renal Care Inc. v. WellSpan Health*, 1:14-CV-2257, 2018 WL 3973191 (M.D. Pa. Aug. 20, 2018) in which this Court granted an award of attorney's fees in the total amount of $394,120.00, a total exceeding the judgement of $159,706.39 entered in favor of WellSpan in the underlying litigation. *U.S. Renal Care Inc. v. WellSpan Health*, 1:14-CV-2257, 2018 WL 3973191, at *5 (M.D. Pa. Aug. 20, 2018).

Balancing all these factors, an award of fees is warranted. Plaintiff therefore submits that the Court should award Plaintiff an attorneys fee award equal to 25% of the total award. In this case, pursuant to the Court's April 10, 2024

Order, the Plan Administrator is to provide a calculation and payment of benefits for the period of May 8, 2019 through July 7, 2019; and Plaintiff has submitted to Anthem's counsel additional medical and billing records for the period of July 8, 2019 through October 24, 2019. As such, a calculation of the contingent fee amount is pending.

In the alternative, if the Court chooses to award fees based on hourly basis, and no case law requires such a choice, the Court should award $51,704.60 representing 127.80 hours of reasonably expended time at a rate of $535/605 (for the undersigned) and $305/325/330/370 for Ms. Schoenhaus (counsels' hourly rates increased over the span of four years throughout the course of this litigation), should properly be awarded in attorney's fees. Plaintiff also requests an award of taxable costs in the amount of $2,056.52, for a total of $53,761.12, which is reasonable under the circumstances. See Exhibit A.

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order awarding from Anthem to Plaintiff attorney's fee in an amount to be determined upon payment by Anthem pursuant to the Court's April 10, 2024 Order consisting of 25% of awarded benefits for the period of May 8, 2019, through July 7, 2019 and the period of July 8, 2019, through October 24, 2019 or, alternatively,

attorney's fee in the amount of $51,704.60, and taxable costs in the amount of $2,056.52.

                                          Respectfully submitted,

                                          SHERMAN, SILVERSTEIN, KOHL,
                                          ROSE & PODOLSKY, P.A.

Dated: <u>April 29, 2024</u>        By:    <u>*s/ Alan C. Milstein*</u>
                                                    Alan C. Milstein
                                                    308 Harper Drive, Suite 200
                                                    Moorestown, NJ 08057
                                                    Phone: 856-662-0700
                                                    Fax: 856-661-2068
                                                    *Attorneys for Plaintiff Chris DeMarinis, individually and as guardian of D.D.*